### HELLERMAN v. SCHANTZ.

(Supreme Court, Appellate Term. November 24, 1908.)

TROVER AND CONVERSION (§ 5*)—WRONGFUL DETENTION OF MONEY—EVIDENCE.
     Defendant, having agreed to buy plaintiff's store, deposited $19 cash, and agreed to deposit a check for $56 more to bind the bargain. Defendant's wife was watching the store to see how much money was taken in, when defendant, who had been in the store but a half hour, went to the cash drawer to look at the receipts, and took $13, which was all the money therein, when he and his wife left. Defendant did not complete the purchase because the receipts were claimed not to be as represented. *Held*, that defendant's withdrawal of the money was wrongful.

     [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 38; Dec. Dig. § 5.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jacob Hellerman against Harry Schantz. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Fannie Horovitz, for appellant.
Charles H. Smith, for respondent.

PER CURIAM. The pleadings are oral. The complaint was "wrongful detention of money." The answer was a "general denial. Demand of particulars." The particulars were that the defendant took the money from the plaintiff's cash drawer, which money was the proceeds of sales of plaintiff's goods, which Panzer, plaintiff's workman, had sold in plaintiff's store, 184 Monroe street, New York. Defendant had made an agreement with plaintiff to buy the store at the price of $700. The deposit, to bind the bargain, was $75. Defendant had paid, on account of the deposit $19, and agreed to pay the remainder of the deposit by a check for $56. Defendant's wife was watching the store to see how much money was taken in. Defendant was in the store only about half an hour. He went to the cash drawer to look at the receipts, and he took $13, all the money in the cash register drawer, and then he and his wife went away. He did not complete his purchase, claiming that the receipts were not as represented. The plaintiff was not in the store when the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant took the money. The justice gave judgment for $13 and costs in favor of plaintiff. Defendant appeals.

The defendant does not appear to have had any right to take the money. If he wished to cancel the contract to buy the store and recover his deposit of $19, he had his legal remedy, but he was not at liberty to take the $13 out of the plaintiff's cash register drawer without the knowledge and consent of plaintiff.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs.